976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald HICKMAN, Petitioner-Appellant,
v.
Walt WELLS, Respondent-Appellee.
 No. 91-55635.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald E. Hickman, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas petition challenging his parole determination. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 Hickman's only assignment of error is that the district court erred by holding that he was properly treated as a special parole term violator when he committed a crime while on parole in 1989. Hickman argues that his special parole term could not commence until he finished serving regular parole from another sentence. Hickman would not be presently in custody as a parole violator if he had violated a regular parole term.
 
 
 4
 A special parole term commences upon completion of any period of parole or mandatory release supervision from a sentence. 28 C.F.R. § 2.57(c). A parolee who violates the conditions of release during regular parole may be returned to prison as a violator under his regular sentence with the special parole term to follow. Id. A parole term for a federal sentence runs concurrently with any other parole term that a parolee may be serving. 18 U.S.C. § 4210(d). A person released from prison more than 180 days before expiration of the maximum term for which he was sentenced is considered to be released on regular parole. 18 U.S.C. § 4164.
 
 
 5
 Hickman contends that when he violated his parole on November 17, 1989, he was on regular parole and his special parole term had not yet commenced. A careful look at the facts negates his contention. Hickman was originally convicted on June 24, 1974 for various drug offenses. His sentence included a regular parole term and a special parole term. While on regular parole for this sentence, Hickman violated his parole and his regular parole term was revoked. He was sent back to prison as a parole violator and commencement of his special parole term was suspended.
 
 
 6
 In 1980, prior to his completion of his regular parole term, Hickman again violated his parole and commencement of his special parole term was again suspended. On December 10, 1982, Hickman was convicted on another drug charge and sentenced to serve nine years in custody. On March 20, 1989, Hickman began his term of regular parole for the December 10, 1982 conviction, which was to last until February 21, 1990. Hickman was not released from prison, however, because he was still serving his sentence resulting from the parole violation.
 
 
 7
 On October 13, 1989, Hickman was released from custody, having completed his terms of incarceration for his 1982 conviction as well as his parole violation. As of that date, Hickman was on regular parole for the 1982 conviction and special parole for his 1974 conviction because the release date was less than 180 days prior to the maximum term for which he was sentenced for the 1974 conviction. See 18 U.S.C. § 4164. On November 17, 1989, Hickman again violated his parole and was sent back to prison as a special parole term violator. We hold that, under 18 U.S.C. § 4210(d), the district court correctly determined that Hickman was concurrently serving his regular parole and special parole terms. Therefore, we affirm the district court's denial of Hickman's habeas petition.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3